IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CHERYL M. PEZZECA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-G-0085-NE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION

The plaintiff, Cheryl M. Pezzeca, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f).  The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether she has a severe impairment;

    (3)    whether her impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant can perform her past work; and

> (5) whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. Id.

In the instant case, ALJ Robert L. Hodges, determined the plaintiff met the first two tests, but concluded that while she has an impairment or combination of impairments considered "severe," she did not suffer from a listed impairment. In his decision, the ALJ found that the plaintiff has the residual functional capacity to perform her past relevant work as a sewing machine operator and grooving machine operator, which the vocational expert described as light work. [R. 35]. Accordingly, the ALJ found the Plaintiff not to be disabled.

**THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN OR OTHER SUBJECTIVE SYMPTOMS**

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself.  Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.  See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added).  Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561.  Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true.  Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted:  "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim."  Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988).  "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).  In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...."  McGregor, 786 F.2d at 1053.  If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true.  McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216.  The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence.  See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY WHEN PAIN OR OTHER SUBJECTIVE SYMPTOMS ARE INVOLVED

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers withing the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the Commissioner to establish that he can perform other work.  In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed.  This is so even if no other hypothetical question is posed to the VE.  See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail).  However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony is credited.

Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit the plaintiff's pain testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law. Id at 1401. The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims." Id. If the VE is asked whether the claimant could perform other jobs if his testimony of pain or other subjective symptoms is accepted as true, the case might be in a posture that would avoid the necessity of a remand. As Varney recognized, if the VE testifies the claimant can perform no jobs if his pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited. Id.

## DISCUSSION

In his decision, the ALJ found that the plaintiff suffered from the severe impairments of "status post right carpal tunnel release; status post anterior cervical diskectomy and fusion (ACDF); status post laminectomy; [and] adjustment disorder." [R. 30]. However, he found that the plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. . . ." [R. 32]. He found the plaintiff's "residual functional capacity as follows: with moderate or

7

<u>less pain</u> she is able to sustain the physical demands of work within the limitations assessed by the functional capacity evaluation" of Charles H. Clark, M.D.[1], "her treating neurosurgeon." [R. 32](emphasis added)  The ALJ concluded under step four of the sequential evaluation that the plaintiff can perform her past relevant work, and is, therefore, not disabled. [R. 35].

The ALJ explicitly found plaintiff met the Eleventh Circuit pain standard: "the claimant's medically determined impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." [R. 34]. The ALJ summarized the plaintiff's testimony as follows:

> The undersigned noted that the claimant was wearing a cervical collar at the hearing.  The claimant testified that she had been wearing it since her surgery two years earlier.  She wore it sometimes at home and always when she left home but she did not leave home much.  She was 5'2" tall and weighed 190 pounds.  Since her surgery she had gained 30 pounds which she attributed to her medication.  She was able to drive but her mother drove her to the hearing.  She saw Dr. Keith Anderson for pain management and Dr. Harold Rogers was her psychiatrist.  She no longer saw Dr. Clarke [sic].  She took all medications as prescribed.  Her medication made her sleepy and she took a 3 hour nap each day.  She took medication at night to sleep and she slept about 5-6 hours each night.  She was able to take care of her personal needs.  She could not shop for groceries alone because she was unable to carry them and unload them.  She performed some housework,

---

[1] Dr. Clark performed an anterior cervical fusion on the plaintiff on October 11, 2004. [R. 129]. On May 6, 2005, Dr. Clark opined, "She will reach Maximum Medical Improvement six months from [the date of her fusion]. I would give her a 5% impairment rating to the body as a whole based on her one level anterior cervical fusion and diskectomy. I will let her return to work per her FCE restrictions." [Id.]. This opinion is dated prior to the alleged onset date of May 15, 2005, and prior to the plaintiff's pain management treatment.

swept floors, did laundry, cooked some, and mowed the grass with a riding mower. She watched television but had not [sic] other activities.

[R. 33-34]. The ALJ discussed his reasons for finding the plaintiff's pain testimony not credible:

> Although the claimant has described daily activities which are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons. Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in this decision.

[R. 34]. The "other factors" the ALJ relied on include the great weight he gave to Dr. Clark's May 2005 opinion that the plaintiff could return to medium work. [Id.]. As stated above, this opinion was rendered before the plaintiff's alleged onset date. In his opinion, the ALJ gives scant mention to the treatment records of Keith C. Anderson, D.O., the plaintiff's treating pain management physician. Dr. Anderson's records show continuing treatment for pain from May 5, 2005, through May 7, 2007. [R. 209-226]. On May 7, 2007, Dr. Anderson opined:

> Ms. Pezzeca is a patient of mine who had a work injury on 01/20/04 with herniated discs at C5-C6. She had surgery and has chronic neck pain. She also has right carpal tunnel syndrome with surgery for that. She has <u>significant</u> neck pain with good days and bad days. I have been seeing her since May 5, 2005.

[R. 209](emphasis added) In light of the testimony of the plaintiff's treating pain management physician, as well as the plaintiff's own testimony regarding her pain which

averages between seven and eight on a 10-point scale, it is clear that the reasons articulated by the ALJ in rejecting the plaintiff's pain testimony are not supported by substantial evidence.

The activities of daily living recited by the ALJ do not support a finding that the plaintiff's pain testimony is not true. The ability to perform the limited activities noted by the ALJ does not rule out the presence of disabling pain. The ability to watch television, do occasional shopping, or perform other sporadic activities does not mean the plaintiff is not disabled. In this circuit it has been recognized that "participation in everyday activities of short duration, such as housework or fishing" does not disqualify a claimant from disability. Lewis v. Callahan, 125 F.3d 1346, 1441 (11th Cir. 1997). As has been noted:

> [S]tatutory disability does not mean that a claimant must be a quadriplegic or an amputee. Similarly, shopping for the necessities of life is not a negation of disability and even two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days. <u>Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity</u>. . . . It is well established that sporadic or transitory activity does not disprove disability.

Smith v. Califano, 637 F.2d 968, 971-72 (3rd Cir. 1981)(emphasis added). It is the ability to engage in gainful employment that is the key, not whether a plaintiff can perform minor household chores or drive short distances. In Easter v. Bowen, the court observed as follows:

> Moreover, an applicant need not be completely bedridden or unable to perform any household chores to be considered disabled. See Yawitz v. Weinberger, 498 F.2d 956, 960 (8th Cir.1974). What counts is the ability to

> perform as required on a daily basis in the "sometimes competitive and stressful" environment of the working world.  Douglas v. Bowen, 836 F.2d 392, 396 (8th Cir.1987) (quoting McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc)).

867 F.2d 1128, 1130 (8th Cir. 1989).  The Easter court further noted that "[e]mployers are concerned with substantial capacity, psychological stability, and steady attendance . . . ." 867 F.2d at 1130 (quoting Rhines v. Harris, 634 F.2d 1076, 1079 (8th Cir.1980)).

With this standard in mind, it is clear that the ALJ's articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence. Therefore, the ALJ failed to satisfy the requirements of Hale.  The conclusion of that court is equally appropriate in the instant case.  "[T]he Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence.  It follows, therefore, that claimant's pain testimony has been accepted as true."  Hale, at 1012.

The medical evidence also shows a "longitudinal history of complaints and attempts at relief" that support the plaintiff's pain allegations.  See SSR 96-7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements.").

At the hearing, Barbara Azzam, a vocational expert, testified that a hypothetical individual with the plaintiff's limitations and moderate or less pain could perform her past relevant work. [R. 258-259]. The ALJ asked the VE:

> Q: Now on the other hand, if I asked you to assume that this claimant's testimony given today is fully credible, including but not limited to the level of pain she testifies to, and the amount of time she says she reclines during the day, and the effects of the side effects of the medi[c]ation she's testified to, would you reach a different conclusion?
>
> A: Yes, sir. That would preclude all work activity.
>
> Q: No past work or any other work?
>
> A: That's correct.

[R. 259].

## CONCLUSION

Because the ALJ's articulated reasons for failing to credit the plaintiff's pain testimony are not supported by substantial evidence, that testimony must be accepted as true. Therefore, the plaintiff is disabled within the meaning of the Social Security Act. An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 30 April 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.